**Edward QUAT, individually and as Administrator of the Edward Quat Keogh Plan, Joann Quat, Marilyn Quat and Adele Seligman, Plaintiffs,**

v.

**Harry HOROWITZ, James T. Saleeby, Marge Grasso, Iris T. Berger and Sam Maloof, Defendants.**

No. CV 93–5903.

United States District Court, E.D. New York.

April 18, 1995.

Sidikman & Hoffman, Westbury, NY (James J. Douglas, of counsel), for plaintiffs.

Wolf Haldenstein Adler Freeman & Herz Llp, New York City (Daniel W. Krasner, Neil L. Zola, of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiffs have moved for an order (1) striking from the caption of the action the name of Marge Grasso as a defendant, (2) granting leave to plaintiffs to amend their complaint to delete from it claims based on the Racketeer Influenced and Corrupt Organizations Act (RICO) and Section 10(b) of the Securities Act of 1974, and (3) amending the balance of their complaint in the form of a proposed amended complaint (the Proposed Complaint).

Defendants oppose the motion (except to the extent it concerns Marge Grasso) on various grounds, including the contention that there is no diversity jurisdiction.

The Proposed Complaint is 47 pages long and contains 212 paragraphs. It is replete with unnecessary verbiage and constant repetitions. Its substance appears to be the following.

Defendant Harry Horowitz for himself and as agent for defendant James T. Saleeby, arranged loans secured by mortgages on real

property and solicited from plaintiffs investments in such loans. He attracted the investments from plaintiffs by making false and fraudulent promises, including representations that the mortgages would be first mortgages of one year maturity with a ratio of 50% loan to value and pre-arranged take out financing at maturity, and that the borrowers had good credit and employment histories. These representations, or some of them, turned out to be untrue, and as a result plaintiffs have been damaged.

The Proposed Complaint joins Iris T. Berger and Sam Maloof as defendants and asks for an order requiring them to convey to third parties "title to the documents constituting mortgage loan transactions," but does not make clear how liability can be imposed on these two defendants or on third parties. Both Maloof and Berger are said to hold mortgages for loans in violation of the terms of plaintiffs' agreements with Horowitz. But neither of them are alleged, except by implication, to have done anything or even to have known of the agreements between Horowitz and plaintiffs.

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, "a pleading which sets forth a claim for relief, ... shall contain ... a short and plain statement of a claim showing that the pleader is entitled to relief." Rule 8(e) states, so far as relevant, "[e]ach averment of a pleading shall be simple, concise, and direct."

Plaintiffs may have claims against defendants, but the form of the Proposed Complaint does not meet the sensible requirements of Rule 8. As pleaded the Proposed Complaint is unacceptable to this court and will serve only to confuse a jury.

Plaintiffs' motion is denied except to the extent that plaintiffs have leave to omit the name of Marge Grasso as a defendant. The court grants plaintiffs 30 days to renew the motion by submitting a proposed amended complaint drawn in simple and plain statements showing that plaintiffs are entitled to relief and omitting all unnecessary words and repetitions. The court recommends that plaintiffs study William Strunk, Jr. & E.B. White, *The Elements of Style* (3d ed. 1979). Plaintiffs should not plead evidence but simply state enough facts, in simple, concise, and direct terms to show what their claims are. Plaintiffs must make clear their claims against Maloof and Berger.

Defendants' contention that there is no diversity of citizenship is based on the fact that in a lawsuit in a New York State court the complaint alleged that Marilyn Quat was a resident of New York, whereas here she is alleged to be a resident of Florida. Plaintiffs have appended an affirmation of an attorney in the state case. The attorney says that the complaint in that case misstated Marilyn Quat's residence as New York because of a word processing error, and that, on information and belief, Marilyn Quat actually lives in Florida. On the renewal of the motion plaintiffs may submit an affidavit of Marilyn Quat stating what her residence was at the time of the commencement of this action.

The motion is granted to the extent that it removes Marge Grasso as a defendant, and is otherwise denied without prejudice to renewal within 30 days of the date of this memorandum and order.

So ordered.